IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01074-BNB

DERRICK JOHN ARAGON,

    Plaintiff,

v.

DOUGLAS COUNTY COURTS,
NANCY ARTZ HOPF, Judge,
DAVID W. FOLEY, District Attorney,
BILL RITTER, Governor of Colorado,
JOHN SUTHERS, U.S. Attorney General of Colorado,
DAVID GAOVETTE, U.S. Attorney of Colorado,
BERNIE BUESHER, Secretary of Treasury of Colorado,
CARY KENNEDY, Secretary of Treasury of Colorado,
LUCILLE V. CASIAS, Investigator Assist. Specialist, S.E.C., CO.,
SUZANNE KUBEC, Liability Claims Administrative of Colorado,
TOM MONTOYA, Deputy Division Director of Colorado,
GUY MELLOR, Division Director of Colorado,
TIMOTH GEITHNER, Secretary of Treasury U.S./Puerto Rico, and
KENNETH D. MCCLINTOCK, Secretary of Treasury U.S./Puerto Rico,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Derrick John Aragon, is a prisoner in the custody of the Colorado Department of Corrections who is currently incarcerated at the Fremont Correctional Facility in Canon City, Colorado. He initiated this action by filing a *pro se* Complaint on April 23, 2012. He has paid the $350.00 filing fee.

The Court must construe all pleadings liberally because Mr. Aragon is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall*

*v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the Court cannot act as an advocate for a *pro se* litigant.  *See Hall*, 935 F.2d at 1110.

On May 11, 2012, Magistrate Judge Boland reviewed the Complaint and determined that it was deficient because it failed to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.  Magistrate Judge Boland directed Mr. Aragon to file an Amended Complaint and to provide a short and plain statement of his claims showing that he is entitled to relief in addition to identifying the statutory authority that would allow the Court to consider his claims.  Mr. Aragon filed an Amended Complaint on June 5, 2012.

Pursuant to 28 U.S.C. § 1915A, the Court is required to review the Amended Complaint because Mr. Aragon is a prisoner and the Defendants are officers or employees of a governmental entity.  Pursuant to § 1915A(b)(1), the Court is required to dismiss the complaint, or any portion of the complaint, that is frivolous.  A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim.  *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  For the reasons stated below, the Court will dismiss the Amended Complaint and the action as legally frivolous.

Mr. Aragon states that he was convicted in the Douglas County Court of Colorado in criminal case 03cr219.  In Claim One, Mr. Aragon asserts in part as follows:

> (1) When Judge Nancy Artz Hopf invoked the rule under statute on case number D0182003CR0002190000098 in the Douglas County Courts, the Judge and the (D.A.) District Attorney David W. Foley acted as a commercial entity invoking the Federal Reg. CFR 72.11 All Statute's [sic] are bonds and

2

> (2) Because statutes are ambiguous, Douglas County Courts directed by Judge Nancy Artz Hopf and D.A. David W. Foley invoked the Tort Feasor Act that Colorado/COLORADO voted into law allowing Derrick John Aragon C (TM) to recoup all bonds created by Douglas County Courts.
>
> (3) I Derrick John Aragon C (TM) herein state at this time no indictment's are being brought forth to the before mentioned defendants for fraud or malice with court case D0182003CR0002190000098. This is a recoupment under the laws which one is allowed to get their property back. The Defendants are simply the creator and the vehicle for the return of said property . . . .

In Claim Two, Mr. Aragon asserts in part:

> (2) Plaintiff states that all agents/defendants/witnesses, through a private communique being a Conditional Acceptance for Value seeking proof of claim, with a point for point, however elected to remain silent, or otherwise to provide proof of claims and therefore has failed to state a claim upon which relief can be granted, or called 12B(6) in the Federal Rules of Civil Procedure of Estoppel, and has agreed/confessed/stipulated to the facts, that the Plaintiff can only discharge said fines, fees, taxes, or court judgment via remedy provided by Congress . . . through Plaintiff's exemption, or with Bill of Exchange or other appropriate commercial paper . . . .
>
> (4) That, UCC 3-603: if tender of payment of an obligation to pay obligation to pay an instrument is made to a person entitled to enforce the instrument and the tender is refused, there is discharge, to the extent of the amount of the tender . . . and
>
> (5) Bill Ritter, Governor of Colorado through Notice to Principle is Notice to Agent, and Notice to the Agent is Notice to the Principle and through tacit provocation refused to answer said claims . . . .

Finally, in Claim Three, Mr. Aragon asserts in part:

> (1) Derrick John Aragon C (TM) herein claim [sic] that when he tried to pay, get a set off and integrity board hearing, Douglas County Court Judge Nancy Artz Hopf, D.A. David W. Foley because of their tacit provocation brought forth the act of the Plaintiff to file a Tort (a Bond Commercial instrument Federal Regulation 27 CFR 72.11).
>
> (2) The Plaintiff filed and received Tort from Risk Management or State Property Administration . . . by misfeasance and nonfeasance of the Tort process, in its commercial capacity when it acts as a commercial entity when allowing a

>   commercial instrument adjudicated by Douglas County Courts and its Judge and D.A. in this case, Tort filing 12-02-09.

Amended Complaint at 4-6.

As relief, Mr. Aragon seeks "recoupment . . . and/or discharge of all bonds for the before mentioned [criminal] case". Amended Complaint at 7. Mr. Aragon appears to seek release and money damages based on the principles of contract law.

As a preliminary matter, the Amended Complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. Mr. Aragon asserts jurisdiction pursuant to "O'Donoghu v. U.S., Mookin v. U.S., 303 U.S. 201; U.S. Colony Trust Co. v. C.I.R., Callan v. Wilson, Joseph Story 1833 volume III pages 506-507." Amended Complaint at 2. Because Mr. Aragon has not identified any statutory authority that would allow him to pursue his claims in this Court, he has failed to provide "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. (a)(1). In addition, because his claims are confusing and unintelligible, he has failed to provide a "short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* at (a)(2). Nonetheless, because it appears that Mr. Aragon's claims are a thinly veiled attempt to attack his criminal conviction and obtain release from the custody of the Colorado Department of Corrections, the Court will dismiss the action as legally frivolous.

Despite his arguments to the contrary, Mr. Aragon's state court sentence is not the creation of civil commercial transactions. *Cf. Beylik v. Estep*, 377 Fed. Appx. 808, 812 (10th Cir. 2010) ("Contrary to the allegations in Beylik's numerous pleadings, he is not in confinement as a result of any 'contract' he may have signed with the [Colorado Department of Corrections] . . . ; rather, he is serving a sentence of imprisonment duly

4

imposed by a Colorado state court."). Mr. Aragon's sentence is, "instead, the result of a court's legitimate exercise of its power to impose punishment for proscribed criminal conduct." *Harris v. Wands*, 410 Fed. Appx. 145, 147 (10th Cir. Feb. 1, 2011) (unpublished opinion) (citing *Ex Parte United States*, 242 U,S, 27, 41 (1916) ("Indisputably under our constitutional system the right to try offences against the criminal laws, and, upon conviction, to impose the punishment provided by law, is judicial . . . ."). As such, Mr. Aragon's "use of commercial law theories based on the U.C.C. to attack the execution of his criminal sentence simply has no foundation in our laws." *Id.* Therefore, the Amended Complaint and action are indisputably meritless and will be dismissed pursuant to 1915A(b)(1).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal he must also pay the full $455 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Amended Complaint and action are dismissed as legally frivolous pursuant to § 1915A(b)(1). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  15th  day of      June        , 2012.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court